IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW KANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| MADISON COUNTY STATE'S ) | |
| ATTORNEY'S OFFICE, and ) | |
| MADISON COUNTY GOVERNMENT, ) | |
| ) | **PLAINTIFF DEMANDS** |
| Defendants. ) | **TRIAL BY JURY** |
| ) | |

# COMPLAINT

COMES NOW the Plaintiff, ANDREW KANE, by and through his attorneys, and for his Complaint against Defendants Madison County State's Attorney's Office, and Madison County Government, states:

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e et seq., 42 USC §1983, and the Illinois Human Rights Act.

2. Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction):

    a. Plaintiff filed a timely charge of discrimination and retaliation with the EEOC and the Illinois Human Rights Department asserting unlawful sex discrimination and retaliation claims; and

    b. Plaintiff received a notice of right to sue from the Civil Rights Division of the United States Department of Justice and derivatively from the EEOC, and plaintiff has filed this suit within 90 days of receipt of the appropriate Notice(s) of Right to Sue.

3. Declaratory, injunctive, and equitable relief (including past and future lost wages), together with compensatory and liquidated damages, and all other authorized damages designed to make plaintiff whole are sought. Plaintiff also seeks attorneys' fees,

and expenses and costs consistent with Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e et seq., 42 USC §1983, and the Illinois Human Rights Act.

4. Venue is proper in this judicial district as the unlawful employment practices complained of herein were committed within this judicial district.

5. Defendants are public employers and are employers pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e et seq., 42 USC §1983, and the Illinois Human Rights Act.

6. Plaintiff is a person who has at relevant times hereto asserted rights to be free from unlawful discrimination and retaliation and was at relevant times hereto an employee of defendants.

7. Plaintiff was employed by defendants from June 2011 forward as a Secretary II. Plaintiff previously filed charges of discrimination and retaliation against defendants and the Illinois Human Rights Department issued a "Notice of Substantial Evidence" finding in 2012-SF-3845. The IDHR specifically found that defendants had violated the Illinois Human Rights Act.

8. Defendants terminated plaintiff's employment for illegal and discriminatory reasons and in violation of Title VII, the Illinois Human Rights Act, 42 USC §1983, and a collective bargaining agreement. (The reference to the violation of the collective bargaining agreement is made herein solely for evidentiary reasons and to provide context to the subsequent retaliation; plaintiff does not seek damages nor is plaintiff bringing any legal claim in this matter for defendants' violations of the collective bargaining agreement.)

9.     Subsequent to the arbitration of a claim brought under the collective bargaining agreement and by virtue of an arbitration award (Case No. 799-12-005, AFSCME No, 2012-06-38742), defendants were ordered to reinstate plaintiff to employment with defendants. Defendants refused to reinstate plaintiff but instead required plaintiff's union to file a civil law suit and required a Madison County Circuit judge to order defendants to reinstate plaintiff's employment.

10.    After being ordered by a Madison County judge in July 2013 to reinstate plaintiff to employment with defendants, defendants created a new and demeaning position. The new position was inconsistent with the duties of a Secretary II, inconsistent with the duties previously performed by plaintiff, did not permit plaintiff to return to plaintiff's prior work site, barred plaintiff from appearing at defendants' main office and required plaintiff to be supervised by the supervisor, Kevin Hendricks, who had discriminated and/or retaliated against plaintiff and who subjected plaintiff to unlawful retaliation.

11.    Defendants made no effort to discipline Hendricks despite the Finding of Substantial Evidence made by the Illinois Department of Human Rights; instead of disciplining Hendricks, defendants gave Hendricks a substantial raise after the Finding of Substantial Evidence and provided Hendricks with additional valuable perquisites of employment.

12.    On plaintiff's return to work as required by the Order of the State Court, defendants made false and demeaning public statements about plaintiff and made statements revealing an intent to retaliate against plaintiff.  In further discrimination against plaintiff, and in retaliation for plaintiff's protected activity and his charges of

discrimination and retaliation, plaintiff was assigned to an isolated work location doing significant manual labor inconsistent with the normal, customary, and traditional duties of a Secretary II.

13. As a direct and proximate result of plaintiff's protected activity, defendants treated plaintiff in a demeaning, insulting, and disparaging manner and attempted to humiliate and embarrass plaintiff in an attempt to force plaintiff to quit his employment with defendants.

14. Defendants' continued discrimination and retaliation violated Title VII, 42 USC §1983 and the Illinois Human Rights Act.

15. Plaintiff's work performance at all relevant times met the reasonable expectations of his employers.

16. Plaintiff's protected activity, his prior assertion of his rights under Title VII and the Illinois Human Rights Act, and his gender were motivating factors in defendants' discriminatory and retaliatory treatment of plaintiff.

17. Plaintiff's protected activity, his prior assertion of his rights under Title VII and the Illinois Human Rights Act, his filing charges of discrimination/retaliation, his assertion of rights, and his gender were motivating factors in defendants' constructive discharge of plaintiff's employment.

18. Plaintiff has lost wages, income, benefits and employment opportunities in excess of $100,000 as a direct and proximate result of defendants' illegal discrimination and retaliation and defendants' violations of 42 USC §1983.

19. Plaintiff has incurred liability for attorneys' fees, costs and expenses in pursuing this matter, and pursuant to relevant statutes (including Title VII of the Civil

Rights Act of 1964, 42 U.S.C.S. §2000e et seq., 42 USC §1983, and the Illinois Human Rights Act) plaintiff is entitled to recovery of all reasonably incurred attorney's fees, costs and expenses.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enjoin defendants from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e et seq., 42 USC §1983, and the Illinois Human Rights Act;

B. Declare the acts of defendants to be illegal violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e et seq., 42 USC §1983, and the Illinois Human Rights Act;

C. Award plaintiff lost wages and benefits and other compensation proximately caused by defendants' illegal and retaliatory conduct;

D. Award plaintiff compensatory damages in excess of $75,000.00;

E. Award plaintiff his reasonable costs, expenses, expert fees and attorneys' fees; and

F. Award such other and additional relief as this Court deems proper and just.

PLAINTIFF, ANDREW KANE

By: /s/ Lee W. Barron
Lee W. Barron (6195132)
LEE W. BARRON, P.C.
112 Front Street
Alton, IL 62002
Phone: 618-462-9160
Fax: 618-462-9167
Lee@leebarronlaw.com

ATTORNEY FOR PLAINTIFF