UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW KANE,

    Plaintiff,

    v.

MADISON COUNTY STATE'S
ATTORNEY'S OFFICE and MADISON
COUNTY GOVERNMENT,

    Defendants.

Case No. 16-cv-180-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss filed by defendant Madison County Government ("County") (Doc. 11), which the Court construes as pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Andrew Kane has responded to the motion (Doc. 14).

As a preliminary matter, Kane attaches to his response matters outside the pleadings. When such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). In this case, the Court declines to consider the additional materials and will consider the pending motion as it was captioned, under Rule 12(b)(6).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the

grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,*  556 U.S. at 679.

Viewing the allegations and all reasonable inferences in favor of Kane, the following relevant facts are established for the purposes of this motion.

Beginning in June 2011, Kane "was employed by defendants" the County and the Madison County State's Attorney's Office ("State's Attorney") as a "Secretary II."  Compl. ¶ 7 (Doc. 1 at 2).  Thereafter, he was terminated for reasons he believes were discriminatory on the basis of sex.  Following arbitration and a lawsuit, Kane was reinstated but under conditions he believes were imposed in retaliation for complaining of discrimination and retaliation.   He also continued to experience discrimination.   Kane eventually quit his job.

Kane filed this lawsuit against the County and the State's Attorney asserting causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment Equal Protection Clause, and under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

The County asks the Court to dismiss it from this lawsuit because Kane has not alleged sufficient facts to plausibly suggest he was employed by the County as opposed to the State's

Attorney.   Kane points to his allegation in ¶ 7 of the Complaint that both defendants employed him and contends that such allegation satisfies liberal federal notice pleading standards.

The Court finds Kane has sufficiently pled a claim against the County.   The Complaint clearly indicates that Kane believes the County was one of his employers and that he believes the County is therefore liable for the discrimination and retaliation he suffered on the job.   Generally, employment is common-sense concept that needs no detailed factual allegations to put a defendant on notice of the alleged employment relationship and its role in the plaintiff's asserted right to relief.   Requiring more detailed allegations risks straying too far from the "short, plain statement of the claim" that is required by Rule 8(a)(2) and that is at the heart of federal notice pleading.   To the extent that employment becomes a more complicated legal question, *see, e.g.,* 42 U.S.C. § 2000e(b) (defining "employer" for Title VII purposes); *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015) (noting that Title VII plaintiff may sue a defendant who is not his direct employer); *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 550 (7th Cir. 2002) (setting forth five-factor test for employment in due process challenge), such questions are better suited to the summary judgment stage, where evidence regarding the relevant factors can be presented, *see, e.g., Farmer v. Town of Speedway, Ind.*, 62 F. Supp. 3d 842, 851 (S.D. Ind. 2014).   Until that stage, it is sufficient that the County be able to glean from the Complaint that Kane believes it employed him and that it was therefore responsible for improper employment actions taken against him.

For this reason, the Court **DENIES** the County's motion to dismiss (Doc. 11).

**IT IS SO ORDERED.**
**DATED:   July 26, 2016**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**